# UNITED STATES DISTRICT COURT
for the
## Western District of Kentucky
## Paducah Division

| | | |
|---|---|---|
| Barry Burchett<br>    *Plaintiff* | ) ) ) | |
| v. | ) ) ) | Case No.  5:12CV-179-R |
| Midland Credit Management, Inc.<br>    *Defendant* | ) ) ) ) | |
| Serve: | ) ) | |
| Corporation Service Company<br>200 S.W. 30th Street<br>Topeka, KS 66611 | ) ) ) ) | |
| Midland Funding, LLC<br>    *Defendant* | ) ) ) | |
| Serve: | ) ) | |
| CSC-Lawyer's Incorporating<br>   Service Company<br>421 W. Main<br>Frankfort, KY 40601 | ) ) ) ) ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"). Mr. Burchett seeks actual damages, statutory, and punitive damages.

2.      Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland") violated the FDCPA by threatening to sue Mr. Burchett on a charged off credit-card to debt from Chase Bank USA, N.A. ("Chase") that has passed the applicable statute of limitations. MCM also violated the FDCPA by attempting to collect on a non-existent debt to CIT

Bank and by attempting to collect interest and fees on the alleged CIT Bank debt that is neither authorized by agreement nor permitted by law.

3.      Midland violated the FDCPA by attempting to collect on a non-existent debt to CIT Bank and by charging interest and fees on the alleged debt that is neither authorized by agreement nor permitted by law. Midland violated the FDCPA and FCRA by knowingly and intentionally reporting false credit information concerning Mr. Burchett to credit reporting agencies.

## JURISDICTION

4.      Jurisdiction of this Court arises under 15 U.S.C. §§ 1681p, 1692k(d) and 28 U.S.C. § 1331.

## PARTIES

5.      Plaintiff, Barry Burchett, is a natural person who resides in Christian County, KY.  Mr. Burchett is a "consumer" within the meaning of the FDCPA and FCRA, as defined at 15 U.S.C. § 1692a(3) and as defined at 15 U.S.C. § 1681a(c).

6.      Defendant, Midland Credit Management, Inc., is a Kansas for-profit corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state, and/or collecting debts on behalf of other legal entities, including but limited to Midland Funding, LLC. MCM's principal place of business is located in San Diego, CA.

7.      Midland Credit Management, Inc. is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.      Midland Funding, LLC is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located in San Diego, CA.

9.      Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Midland is also a "furnisher of information" within the meaning of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 *et seq.*

## STATEMENT OF FACTS

10.     On or about October 3, 2012, an employee, representative, or agent of MCM made one or more dunning calls to Mr. Burchett on behalf of Midland.

11.     MCM's dunning phone calls were an attempt to collect a debt arising out of a charged-off Chase credit card account. The caller identified Midland as the creditor on the account.

12.     The Chase credit card was originally issued by Washington Mutual Bank

("WaMu").

13.     Mr. Burchett used the WaMu/Chase credit card to purchase goods and services for personal and household purposes.

14.     MCM's dunning telephone calls to Mr. Burchett were attempts to collect a "debt" on behalf of Midland within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

15.     In one or more of MCM's dunning phone calls to Mr. Burchett, MCM threatened to bring suit against Mr. Burchett in order to collect the debt arising out of the charged-off WaMu/Chase credit card debt.

16.     Mr. Burchett last made a payment or charge on the WaMu/Chase credit card account on or before September 2006.

17.     The statute of limitations for bringing suit on the WaMu/Chase credit card debt began to run from the date of default of the WaMu/Chase credit card. The default occurred on or before September 2006.

18.     Collection of the WaMu/Chase credit card debt is subject to either (a) Kentucky's five-year statute of limitations for contracts not in writing under KRS 413.120, or (b) Delaware's three-year statute of limitations for contracts pursuant to Kentucky's borrowing statute. KRS 413.320.

19.     MCM's dunning phone calls, which were made on behalf of Midland, threatened to bring suit against Mr. Burchett on a debt for which the statute of limitations would bar any lawsuit to collect the debt.

20.     In connection with a different alleged debt, MCM sent Mr. Burchett a letter on February 28, 2012 that provides in pertinent part:

| | |
|---|---|
| | Contact Information:   Tel (888) 327-7774 |
| | Hours of Operation:   Sat-Th 5am - 2pm PST; |
| 02-28-2012 | Original Creditor:   CIT BANK |
| | Original Account No.: 6879450129054737484 |
| | MCM Account No.:   8546655800 |
| | Current Balance:   $4,861.15 |

```
                                            3977-1040
#BWNHLTH
#0000 0854 6655 8005#
BARRY L BURCHETT
1224 PYLE LN
HOPKINSVILLE, KY 42240-6106
```

Dear BARRY L BURCHETT,

Please be advised that the credit card # ending 8409 that you provided in order to make a payment on the above-referenced account, will be charged $100.00 on 03-09-2012 as authorized by you.

Thank you for maintaining your payment arrangement with Midland Credit Management, Inc.

(A copy of the February 28, 2012 letter is attached as Exhibit "A").

21.     On September 24, 2012, MCM sent Mr. Burchett another letter on the same alleged debt that provides:

09-24-2012

Contact Information:   Tel (800) 265-8825

Hours of Operation:    Sat-Th 5am - 2pm Pacific Time

Original Creditor:     CIT BANK
Original Account No.:  6879450129054737484

||||·|·|||·|·|·|||·||·||||||·|·|·|··|·||·||||||··|·|·||||||·|·|·|·|·|    2344-367
#BWNHLTH
#0000 0854 6655 8005#
BARRY L BURCHETT
1224 PYLE LN
HOPKINSVILLE, KY 42240-6106

MCM Account No.:     8546655800
Current Balance:     $4,928.25
Payment Due Date:    UPON RECEIPT

Dear BARRY L BURCHETT,

Your credit card payment scheduled for **09-21-2012** in the amount of $178.25 was declined. **Please call me at (800) 265-8825 Ext.53523** to make other arrangements. I want to assist you in keeping your account up-to-date.

(A copy of the September 24, 2012 letter is attached as Exhibit "B").

22.     In November of 2012, Mr. Burchett reviewed his credit report, which included the following negative credit information concerning a CIT Bank account:

**MIDLAND FUNDING LLC   #854665****
8875 AERO DR
SUITE 200
SAN DIEGO, CA 92123
(800) 825-8131

| | | | | | | |
|---|---|---|---|---|---|---|
| **Placed for collection:** | 01/31/2012 | **Balance:** | $4,997 | | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 10/17/2012 | | | |
| **Account Type:** | Open Account | **Last Payment Made:** | 04/24/2012 | | | |
| **Loan Type:** | FACTORING | **Original Amount:** | $3,439 | | | |
| | COMPANY ACCOUNT | **Original Creditor:** | CIT BANK | | | |
| | | **Past Due:** | >$4,997< | | | |

**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 09/2015

(A partial copy of Mr. Burchett's credit report is attached as Exhibit "C").

23.     On November 8, 2012, the law firm of Morgan & Pottinger, P.S.C. sent Mr. Burchett a dunning letter on behalf of Midland Funding, LLC.

24.     The letter claimed that CIT Bank was the original creditor on the debt.

25.     The November 8, 2012 letter provides in pertinent part:



Barry Burchett
1224 Pyle Ln
Hopkinsville KY 42240-6106

Online Payments:
http://mandp.accountpayment.net

Dear Barry Burchett:

Please be advised that Morgan & Pottinger, P.S.C. has been retained by MIDLAND FUNDING LLC, to collect its account with you. Your balance as of the date of this letter, is $3,379.86. Interest, late charges or other charges, if permitted by agreement or law, may vary from day to day. Please be advised that these may affect the total amount owed if you wish to resolve this matter at a future date.

|  |  |  |
|---|---|---|
| ORIGINAL CREDITOR: | CIT BANK | Dell Financial Services L |
| ACCOUNT NUMBER: | 68794501290547374846 |  |
| CURRENT BALANCE DUE: | $3,379.86 |  |
| OUR FILE NUMBER: | 12Y28388 |  |

(A copy of the November 8, 2012 letter is attached as Exhibit "D").

26.    Mr. Burchett never had an account with CIT Bank as alleged in (a) MCM's letters; (b) the negative information reported by Midland to credit reporting agencies, as reflected on Mr. Burchett's credit report; and (3) as stated in the Morgan & Pottinger letter.

27.    According to Mr. Burchett's credit report, Midland purchased the CIT Bank account on or about January 31, 2012.

28.    According to Mr. Burchett's credit report, $3,439.00 was the face amount of the CIT Bank account when Midland purchased the debt in January 2012.

29.    Midland added over $1,400 in interest and/or fees on the CIT Bank account when it purchased the debt.

30.    Upon information and belief, Midland has no contractual or statutory right to charge the interest and fees it charged on the CIT Bank debt, including the over $1,400 in interest and/or fees it imposed on the debt upon purchase; and the interest MCM and/or Midland accrued on the CIT Bank debt as reflected in MCM's letters and on Mr. Burchett's credit report.

31.    The November 8, 2012 dunning letter sent by Morgan & Pottinger alleges that $3,379.86 is the amount due on the CIT Bank debt.

32.     So the MCM letters claim the balance due on the CIT Bank debt was $4,861.15 on February 28, 2012 and $4,928.25 on September 24, 2012. On October 17, 2012, Midland reported to credit reporting agencies that the balance due on the CIT Bank debt was $4,997.00. But on November 8, 2012, Morgan & Pottinger, P.S.C. claimed that the balance due on the same debt was $3,379.86, which is about $60.00 less than Midland reported as the original amount of the debt on date of purchase from CIT Bank.

33.    Reporting negative credit information to credit reporting agencies constitutes debt-collection activity within the meaning of the FDCPA.

## Claims for Relief

### I.    Violation of the Fair Debt Collection Practices Act

34.    The foregoing acts and omissions of Midland Credit Management, Inc. and Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

(a)    MCM and Midland attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to:

    (i)    attempting to collect a non-existent debt from Mr. Burchett;

    (ii)    attempting to collect unauthorized interest and fees on the alleged debt;

    (iii)    threatening to sue Mr. Burchett on a debt for which the statute of limitations would provide a complete defense to a lawsuit brought to collect the debt; and

    (iv)    attempting to collect interest and/or fees on a debt for a time before Midland purchased the debt.

(b)    MCM and Midland "threat[ened] to take [an] action that cannot legally be taken" in violation of 15 U.S.C. § 1692e(5) by, including but not limited to:

    (i)    attempting to collect a non-existent debt from Mr. Burchett;

    (ii)    attempting to collect a debt from Mr. Burchett on which Midland has no valid assignment;

    (iii)    threatening to sue Mr. Burchett on a debt for which the statute of limitations would provide a complete defense to a lawsuit brought to collect the debt; and

    (iv)    by reporting to credit reporting agencies false credit information concerning a debt allegedly owed by Mr. Burchett.

(c)    Midland employed unfair and/or unconscionable means to collect a debt from Mr. Burchett in violation of 15 U.S.C. § 1692f by, including but not limited to, reporting to credit reporting agencies false credit information concerning a debt alleged owed by Mr. Burchett; and

(d)    Midland communicated false credit information to credit reporting agencies concerning a debt allegedly owed by Mr. Burchett in violation of U.S.C. § 1692e(8).

**II.     Violation of the Fair Credit Reporting Act**

35.     The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FCRA, including, but not limited to:

(a)     Midland knowingly and intentionally violated its duty to report accurate information to credit reporting agencies as required under 15 U.S.C.A. § 1681s-2. Consequently, Midland is liable to Mr. Burchett for statutory damages of $1,000 or the actual damages he has sustained by reason of Midland's violation of the FCRA— whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n; or in the alternative

(b)     Midland  negligently violated its duty to report accurate information to credit reporting agencies as required under 15 U.S.C.A. § 1681s-2. Consequently, Midland is liable to Mr. Burchett for the actual damages he has sustained by reason of Midland's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Barry Burchett, requests that the Court grant the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff statutory damages;

3.     Award Plaintiff punitive damages;

4.     Award Plaintiff reasonable attorney's fees and costs

5.     A trial by jury; and

6.     Such other relief as may be just and proper.

Respectfully Submitted,

/s/ Kenneth J. Henry
**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
502-245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com